IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RUTH PERRY AND JOHN PERRY, | CIVIL ACTION NO. 1:09-cv-731 (GLS/RFT) |
| Plaintiffs, | |
| v. | **NOTICE OF REMOVAL** |
| BAYER CORPORATION, | |
| Defendant. | |

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(b), FED. R. CIV. P. 81(c), and the Local Rules of Practice of the United States District Court for the Northern District of New York, Defendant BAYER HEALTHCARE PHARMACEUTICALS INC.[1] hereby removes this civil action from the Supreme Court of the State of New York, County of Albany, to the United States District Court for the Northern District of New York. As grounds for removal, defendant Bayer HealthCare Pharmaceuticals Inc. ("Bayer") states as follows:

**THE STATE COURT ACTION**

1.  On or about May 14, 2009, plaintiffs Ruth and John Perry filed this civil action in the Supreme Court of the State of New York, County of Albany, under Index No. 3652-09.

2.  Plaintiffs' complaint asserts claims for negligence, strict products liability, and breach of warranties of merchantability and fitness. (See Summons and Complaint) (Exhibit A.)

---

[1] Plaintiff's complaint erroneously names Bayer Corporation as a defendant. Counsel for the parties have agreed to stipulate to a change in the caption to reflect Bayer HealthCare Pharmaceuticals Inc. as the proper defendant.

3. These causes of action arise from Ruth Perry's claimed severe and permanent injuries due to her alleged exposure to the prescription drug Cipro® between May 10, 2007 and May 17, 2007. See id.

4. Plaintiffs claim the ciprofloxacin Ruth Perry allegedly took was manufactured by Bayer. See id. ¶¶5-7.

5. Bayer was first made aware of plaintiffs' complaint on May 27, 2009, when the Secretary of State was served with the Complaint. (See Ex. A.)

6. As set forth below, there is complete diversity between plaintiffs and Bayer; the amount in controversy exceeds $75,000.00, exclusive of interest and costs; and this Notice of Removal has been filed within thirty days from May 27, 2009, the date of service on the Secretary of State for New York. See 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based"); N.Y. BCL § 306(b). Accordingly, this action is properly removable. See 28 U.S.C. § 1332; 28 U.S.C. § 1441(a).

**THERE IS COMPLETE DIVERSITY OF CITIZENSHIP.**

7. Plaintiffs are citizens of the State of New York. (Ex. A. ¶ 1.) ("[A]t all times hereinafter mentioned plaintiffs are residents of the County of Albany and State of New York.").

8. Defendant Bayer HealthCare Pharmaceuticals Inc. is a corporation incorporated under the laws of the State of Delaware with its principal place of business in New Jersey. (Accord Ex. A ¶ 2 ("[A]t all times hereinafter mentioned, upon information and belief, the

defendant is a foreign corporation . . . ."). Thus, defendant Bayer HealthCare Pharmaceuticals Inc. is a citizen of Delaware and New Jersey. See 28 U.S.C. § 1332(c)(1).[2]

9. This case is between "citizens of different States." 28 U.S.C. § 1332(a)(1). Accordingly, there is the requisite diversity of citizenship between the parties to establish original jurisdiction of this Court.

### THE AMOUNT IN CONTROVERSY EXCEEDS THE JURISDICTIONAL MINIMUM.

10. Plaintiffs allege that

> plaintiff has sustained severe and permanent injuries in and about her body; said plaintiff was rendered sick, sore, lame and disabled; all of said injuries were attended with great pain, suffering and discomfort, many of which are certain to be permanent in nature; that medical care and treatment were required in an effort to cure the plaintiff of the above aforesaid injuries; that plaintiff will require further care in the future in an effort to cure herself; that plaintiff was incapacitated from attending her daily activities for a period of time . . . .

(Ex. A ¶ 9.)

11. As a result of the claimed injuries, "plaintiff[s] demand judgment against the defendant in an amount which exceeds jurisdictional limits of all lower courts, which would otherwise have jurisdiction for this action." Id. at Prayer for Relief.

12. In light of the claimed injuries (Para. 10), it is apparent that plaintiffs seek recovery of an amount in excess of $75,000.00, exclusive of interest and costs, and therefore that the amount-in-controversy requirement is satisfied. See 28 U.S.C. § 1332 (a).

---

[2] As noted previously, the complaint erroneously names Bayer Corporation as a defendant. In any event, had Bayer Corporation been the proper defendant, this action still would have been removable because Bayer Corporation is neither incorporated in, nor does it have its principal place of business in New York. See 28 U.S.C. § 1332(c). Accordingly, Bayer Corporation is not a citizen of New York, and diversity of citizenship would exist in this case.

## VENUE IS PROPER IN THIS COURT.

13. This civil action may be removed to the United States District Court for the Northern District of New York because this Court embraces Albany County, where the state court action is pending. See 28 U.S.C. § 1441(a).

## REMOVAL IS TIMELY.

14. Pursuant to New York BCL § 306(b), the Secretary of State was served with the Summons and Complaint for Bayer Corporation on May 27, 2009. Because this Notice of Removal is being filed within 30 days of the date of service of plaintiffs' Complaint, it is timely filed under 28 U.S.C. § 1446(b).

## COPIES OF ALL PROCESS, PLEADINGS, AND ORDERS ARE ATTACHED.

15. As required by 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Bayer Corporation in this civil action are being filed together with this Notice. (See Exhibit A.)

## NOTICE IS BEING GIVEN.

16. Contemporaneous with the filing of this Notice of Removal, Notice of Filing Notice of Removal has been served upon plaintiffs, through their counsel of record.

17. Immediately upon the filing of this Notice of Removal, a true and correct copy of this Notice of Removal will be filed with the Clerk of the Supreme Court of New York, Albany County, as provided by 28 U.S.C. § 1446(d).

## BAYER SEEKS ADDITIONAL DISCOVERY AND BRIEFING IF NECESSARY.

18. If any question arises as to the propriety of this removal, Bayer requests the opportunity to conduct discovery or brief any disputed issues and to present oral argument in support of its position that this civil action is properly removable.

**NO DEFENSES ARE WAIVED.**

19. Nothing in this Notice of Removal or related documents shall be interpreted as a waiver or relinquishment of Bayer's rights to assert any defense or affirmative matter in this civil action, including without limitation the defenses of insufficiency of process, and insufficiency of service of process.

WHEREFORE, defendant Bayer HealthCare Pharmaceuticals Inc. hereby removes this civil action to this Court.

Dated: New York, New York
       June 25, 2009

Respectfully Submitted,

By: _____
Charles L. Bach, Jr.
Scott M. Zimmerman
HEIDELL, PITTONI, MURPHY & BACH, LLP
99 Park Avenue
New York, New York 10016
Phone: (212) 286-8585
Fax: (212) 490-8966
cbach@hpmb.com
szimmerman@hpmb.com

Thomas J. Cullen, Jr.
(*Pro Hac Vice* Motion To Be Filed)
GOODELL, DEVRIES LEECH AND DANN, LLP
One South Street, Suite 2000
Baltimore, MD 21202
Phone: (410)783-4000
Fax: (410)783-4040
tjc@gdldlaw.com

*Attorneys for defendant Bayer HealthCare Pharmaceuticals Inc.*

TO: **VIA FACSIMILE (518) 377-2247**
**AND REGULAR MAIL**

Jeffrey Miller
FRIEDMAN, HIRSCHEN & MILLER, LLP
100 Great Oaks Blvd., Suite 124
Albany, NY 12203
(518) 377-2225

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I, Charles L. Bach, Jr., do hereby certify that on June 25, 2009, a true and correct copy of the foregoing Notice of Removal of defendant Bayer HealthCare Pharmaceuticals Inc. was served *via facsimile* and *regular mail* on the following:

Jeffrey Miller
FRIEDMAN, HIRSCHEN & MILLER, LLP
100 Great Oaks Blvd., Suite 124
Albany, NY  12203
Tel:   518-377-2225
Fax:   518- 77-2247
*Attorneys for Plaintiffs*

_____
Charles L. Bach, Jr.

```
          TRANSMISSION VERIFICATION REPORT

                                        TIME  : 06/25/2009 12:10
                                        NAME  : HPM&B
                                        FAX   : 212-490-8966
                                        TEL   : 212-286-8585
                                        SER.# : J5X117566


DATE,TIME                    06/25 12:09
FAX NO./NAME                 15183772247
DURATION                     00:01:52
PAGE(S)                      14
RESULT                       OK
MODE                         STANDARD
                             ECM
```



### HPM&B
ATTORNEYS AT LAW

99 Park Avenue  New York, NY 10016-1601
Tel: 212-286-8585  Fax: 212-490-8966
www.hpmb.com

## Facsimile Cover Sheet

| Sender Information | | Fax Information | |
|---|---|---|---|
| From: | Charles L. Bach, Jr. | Date: | June 25, 2009 |
| Dir. Fax No.: | | Client/Matter No.: | Ruth Perry and John Perry v. Bayer Corporation |
| E-Mail: | cbach@hpmb.com | No. of Pages: | 14 (inc. cover sheet) |

| Deliver To: | Company: | Fax Number: |
|---|---|---|
| Jeffrey Miller | FRIEDMAN, HIRSCHEN & MILLER, LLP | (518) 377-2247 |

**Message:**

The original of the transmitted document will be sent by:

Ordinary Mail