# EXHIBIT D

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

ATTORNEYS AT LAW

250 HUDSON STREET, 8TH FLOOR
NEW YORK, NEW YORK 10013-1413
TELEPHONE: (212) 355-9500
FACSIMILE: (212) 355-9592
mail@lchb.com
www.lchb.com

SAN FRANCISCO
NASHVILLE

August 26, 2009

**FIRST CLASS MAIL**

Geri M. Smith
Clerk of Court
United States District Court
Northern District of Ohio
1716 Spielbush Ave.
Toledo, OH 43604

Re:    Angela Beck and Martin Beck v. Bayer Corp., et al., No. 09-cv-01207
       Patti Bradish and Gary Bradish v. Bayer Corp, et al., No. 09-cv-01689
       Carla Leigh Brazzel v. Bayer Corporation, et al., No. 09-cv-01684
       Gail Brinker and Kenneth Brinker v. Bayer Corp., et al., No. 09-cv-01682
       Lauren Cathis v. Bayer Corp., No. 09-cv-01690
       Anne Marie Eakins and Jonathan Eakins v. Bayer Corp., et al., No. 09-cv-01579
       Brenda Ellyson v. Bayer Corp., et al., No. 09-cv-01687
       Candace L. Fries v. Bayer Corp., et al., No. 09-cv-01085
       Kathy Johns and William Johns v. Bayer Corp., et al., No. 09-cv-01685
       Marie Claire Keultjes v. Bayer Corp., et al., No. 09-cv-01659
       Saretta Main, et al. v. Bayer Corp., et al., No. 09-cv-01688
       Heather Manion v. Bayer Corp., et al., No. 09-cv-01750
       Marlene Meadows v. Bayer Corp., et al., No. 09-cv-01574
       Lauren L. Murphy v. Bayer Corp., et al., No. 09-cv-01582
       Bridget Shafer and Paul Shafer v. Bayer Corp. et al., 09-cv-01315

Dear Sir or Madam:

       On behalf of Wendy R. Fleishman, counsel for Plaintiff in the related action *Candis Corey v. Bayer Corporation, et al.,* U.S.D.C. ND OH 09-cv-01984, please find enclosed for your records the Interested Person Response of Plaintiff Candis Corey for Inclusion in MDL Docket No. 2100 Moving for Centralization and for Consideration of the Northern District of Ohio Western Division as Transferee District and Memorandum of Law in Support of Interested Person Response of Candis Corey for Inclusion in MDL Docket No. 2100.

This Response was express mailed to the Clerk of the Judicial Panel of Multidistrict Litigation for filing on August 26, 2009.  If you require additional copies, please let us know.

Very truly yours,

Dawn Behrmann
Senior Paralegal

DB:db
Enclosures
831778.1

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

ATTORNEYS AT LAW

250 HUDSON STREET, 8TH FLOOR
NEW YORK, NEW YORK 10013-1413
TELEPHONE: (212) 355-9500
FACSIMILE: (212) 355-9592
mail@lchb.com
www.lchb.com

SAN FRANCISCO
NASHVILLE

August 25, 2009

**FIRST CLASS MAIL**

Michael E. Kunz, Clerk
United States District Court
Eastern District of Pennsylvania
United States Courthouse
601 Market Street, Room 2609
Philadelphia, PA 19106-1797

Re:    Robin Adams and Thomas E. Adams v. Bayer Corp., et al., No. 09-cv-03389
       Alyssa S. Britten v. Bayer Corp., et al., No. 09-cv-02086
       Deborah Kay Lane-Christian and Mark D. Christian v. Bayer Corp, et al., No. 09-cv-03114
       LaKollier R. Cleveland v. Bayer Corp.,et al., No. 09-cv-02740
       Silvia F. Galvin and Javier Galvin v. Bayer Corp., et al., No. 09-cv-02739
       Adine and Kermick Gauthreaux v. Bayer Corp., et al., No. 09-cv-02238
       Jennifer Grey v. Bayer Corp., et al., No. 09-cv-03555
       Pamela Hamilton v. Bayer Corp., et al. No. 09-cv-00703
       Danielle C. Hayat and Hadam Hayat v. Bayer Corp., et al., No. 09-cv-02753
       Deborah Kay Lane-Christian and Mark D. Christian v. Bayer Corp., et al., No. 09-cv-03114
       Patricia Saunders v. Bayer Corp, et al., No. 09-cv-03388

Dear Mr. Kunz:

       On behalf of Wendy R. Fleishman, counsel for Plaintiff in the related action *Candis Corey v. Bayer Corporation, et al.,* U.S.D.C. ND OH 09-cv-01984, please find enclosed for your records the Interested Person Response of Plaintiff Candis Corey for Inclusion in MDL Docket No. 2100 Moving for Centralization and for Consideration of the Northern District of Ohio Western Division as Transferee District and Memorandum of Law in Support of Interested Person Response of Candis Corey for Inclusion in MDL Docket No. 2100.

       This Response was express mailed to the Clerk of the Judicial Panel of Multidistrict Litigation for filing on August 26, 2009.  If you require additional copies, please let us know.

                                 Very truly yours,

                                 Dawn Behrmann
                                 Senior Paralegal

DB:db
Enclosures

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

ATTORNEYS AT LAW

250 HUDSON STREET, 8TH FLOOR
NEW YORK, NEW YORK 10013-1413
TELEPHONE: (212) 355-9500
FACSIMILE: (212) 355-9592
mail@lchb.com
www.lchb.com

SAN FRANCISCO
NASHVILLE

August 26, 2009

**FIRST CLASS MAIL**

Justine Flanagan, Clerk of Court
United States District Court
Southern District of Illinios
301 West Main Street
Benton, IL 62812

Re:   Anaya Bluiett v. Bayer Corp., et al. No. 09-cv-00626
Amanda Carpenter v. Bayer Corp., et al., No. 09-cv-00642
Christina Doulbeare v. Bayer Corp., et al., No. 09-cv-00643
Brenda Hill v. Bayer Corp., et al., No. 09-cv-00567
Tamra Hicks v. Bayer Corp., et al., No. 09-cv-00602

Dear Ms. Flanagan:

On behalf of Wendy R. Fleishman, counsel for Plaintiff in the related action *Candis Corey v. Bayer Corporation, et al.,* U.S.D.C. ND OH 09-cv-01984, please find enclosed for your records the Interested Person Response of Plaintiff Candis Corey for Inclusion in MDL Docket No. 2100 Moving for Centralization and for Consideration of the Northern District of Ohio Western Division as Transferee District and Memorandum of Law in Support of Interested Person Response of Candis Corey for Inclusion in MDL Docket No. 2100.

This Response was express mailed to the Clerk of the Judicial Panel of Multidistrict Litigation for filing on August 26, 2009. If you require additional copies, please let us know.

Very truly yours,

Dawn Behrmann
Senior Paralegal

DB:db
Enclosures
831686.1

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

ATTORNEYS AT LAW

250 HUDSON STREET, 8TH FLOOR
NEW YORK, NEW YORK 10013-1413
TELEPHONE: (212) 355-9500
FACSIMILE: (212) 355-9592
mail@lchb.com
www.lchb.com

SAN FRANCISCO
NASHVILLE

August 26, 2009

**FIRST CLASS MAIL**

Clerk of the Court
United States District Court
Western District of North Carolina
Asheville Division
100 Otis St.
Asheville, NC 28801

Re:    Jeania Downs v. Bayer Corporation, et al., No. 09-cv-00328

Dear Sir or Madam:

On behalf of Wendy R. Fleishman, counsel for Plaintiff in the related action *Candis Corey v. Bayer Corporation, et al.*, U.S.D.C. ND OH 09-cv-01984, please find enclosed for your records the Interested Person Response of Plaintiff Candis Corey for Inclusion in MDL Docket No. 2100 Moving for Centralization and for Consideration of the Northern District of Ohio Western Division as Transferee District and Memorandum of Law in Support of Interested Person Response of Candis Corey for Inclusion in MDL Docket No. 2100.

This Response was express mailed to the Clerk of the Judicial Panel of Multidistrict Litigation for filing on August 26, 2009. If you require additional copies, please let us know.

Very truly yours,

Dawn Behrmann
Senior Paralegal

DB:db
Enclosures
831675.1

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

ATTORNEYS AT LAW

250 HUDSON STREET, 8TH FLOOR
NEW YORK, NEW YORK 10013-1413
TELEPHONE: (212) 355-9500
FACSIMILE: (212) 355-9592
mail@lchb.com
www.lchb.com

SAN FRANCISCO
NASHVILLE

August 26, 2009

**FIRST CLASS MAIL**

Clerk of the Court
United States District Court
Southern District of Iowa
PO Box 307
Council Bluffs, IA 51502

Re:     Jill Fender as Special Administrator and Surviving Parent of the Estate of
        Melissa A. Fender v. Bayer Corporation, et al., No. 09-cv-00024

Dear Sir or Madam:

        On behalf of Wendy R. Fleishman, counsel for Plaintiff in the related action
*Candis Corey v. Bayer Corporation, et al.,* U.S.D.C. ND OH 09-cv-01984, please find enclosed
for your records the Interested Person Response of Plaintiff Candis Corey for Inclusion in MDL
Docket No. 2100 Moving for Centralization and for Consideration of the Northern District of
Ohio Western Division as Transferee District and Memorandum of Law in Support of Interested
Person Response of Candis Corey for Inclusion in MDL Docket No. 2100.

        This Response was express mailed to the Clerk of the Judicial Panel of
Multidistrict Litigation for filing on August 26, 2009.  If you require additional copies, please let
us know.

                                        Very truly yours,

                                        Dawn Behrmann
                                        Senior Paralegal

DB:db
Enclosures
831677.1

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

ATTORNEYS AT LAW

250 HUDSON STREET, 8TH FLOOR
NEW YORK, NEW YORK 10013-1413
TELEPHONE: (212) 355-9500
FACSIMILE: (212) 355-9592
mail@lchb.com
www.lchb.com

SAN FRANCISCO
NASHVILLE

August 26, 2009

**FIRST CLASS MAIL**

John W. Sanfilippo, Clerk of Court
United States District Court
Eastern District of Wisconsin
125 South Jefferson St.
PO Box 24490
Green Bay, WI 54305-2490

Re:    Marie Becker v. Bayer Corp., et al., No. 09-cv-00663

Dear Mr. San Filippo:

On behalf of Wendy R. Fleishman, counsel for Plaintiff in the related action *Candis Corey v. Bayer Corporation, et al.,* U.S.D.C. ND OH 09-cv-01984, please find enclosed for your records the Interested Person Response of Plaintiff Candis Corey for Inclusion in MDL Docket No. 2100 Moving for Centralization and for Consideration of the Northern District of Ohio Western Division as Transferee District and Memorandum of Law in Support of Interested Person Response of Candis Corey for Inclusion in MDL Docket No. 2100.

This Response was express mailed to the Clerk of the Judicial Panel of Multidistrict Litigation for filing on August 26, 2009. If you require additional copies, please let us know.

Very truly yours,

Dawn Behrmann
Senior Paralegal

DB:db
Enclosures
831678.1

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

ATTORNEYS AT LAW

250 HUDSON STREET, 8TH FLOOR
NEW YORK, NEW YORK 10013-1413
TELEPHONE: (212) 355-9500
FACSIMILE: (212) 355-9592
mail@lchb.com
www.lchb.com

SAN FRANCISCO
NASHVILLE

August 26, 2009

**FIRST CLASS MAIL**

Robert D. Dennis, Clerk of Court
United States District Court
Western District of Oklahoma
200 NW 4th St.
Oklahoma City, OK 73102

Re:    Stacey L. Perry v. Bayer Corp., et al., No. 09-cv-00919

Dear Mr. Dennis:

On behalf of Wendy R. Fleishman, counsel for Plaintiff in the related action *Candis Corey v. Bayer Corporation, et al.,* U.S.D.C. ND OH 09-cv-01984, please find enclosed for your records the Interested Person Response of Plaintiff Candis Corey for Inclusion in MDL Docket No. 2100 Moving for Centralization and for Consideration of the Northern District of Ohio Western Division as Transferee District and Memorandum of Law in Support of Interested Person Response of Candis Corey for Inclusion in MDL Docket No. 2100.

This Response was express mailed to the Clerk of the Judicial Panel of Multidistrict Litigation for filing on August 26, 2009. If you require additional copies, please let us know.

Very truly yours,

Dawn Behrmann
Senior Paralegal

DB:db
Enclosures
831691.1

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

ATTORNEYS AT LAW

250 HUDSON STREET, 8TH FLOOR
NEW YORK, NEW YORK  10013-1413
TELEPHONE: (212) 355-9500
FACSIMILE: (212) 355-9592
mail@lchb.com
www.lchb.com

SAN FRANCISCO
NASHVILLE

August 26, 2009

**<u>FIRST CLASS MAIL</u>**

Lawrence K. Baerman, Clerk of Court
U.S. District Court
Northern District of New York
100 S. Clinton St.
PO Box 7367
Syracuse, NY 13261

Re:     <u>Ruth Perry and John Perry v. Bayer Corporation, et al., No. 09-cv-00731</u>

Dear Mr. Baerman:

On behalf of Wendy R. Fleishman, counsel for Plaintiff in the related action *Candis Corey v. Bayer Corporation, et al.,* U.S.D.C. ND OH 09-cv-01984, please find enclosed for your records the Interested Person Response of Plaintiff Candis Corey for Inclusion in MDL Docket No. 2100 Moving for Centralization and for Consideration of the Northern District of Ohio Western Division as Transferee District and Memorandum of Law in Support of Interested Person Response of Candis Corey for Inclusion in MDL Docket No. 2100.

This Response was express mailed to the Clerk of the Judicial Panel of Multidistrict Litigation for filing on August 26, 2009.  If you require additional copies, please let us know.

Very truly yours,

Dawn Behrmann
Senior Paralegal

DB:db
Enclosures
831774.1

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

ATTORNEYS AT LAW

250 HUDSON STREET, 8TH FLOOR
NEW YORK, NEW YORK 10013-1413
TELEPHONE: (212) 355-9500
FACSIMILE: (212) 355-9592
mail@lchb.com
www.lchb.com

SAN FRANCISCO
NASHVILLE

August 26, 2009

**FIRST CLASS MAIL**

Clerk of Court
U.S. District Court
Eastern District of New York
225 Camden Plaza
Brooklyn, NY 11201

Re:   <u>Laquita O'Nekia Harel v. Bayer Corporation, et al., No. 09-cv-3639</u>

Dear Sir or Madam:

On behalf of Wendy R. Fleishman, counsel for Plaintiff in the related action *Candis Corey v. Bayer Corporation, et al.,* U.S.D.C. ND OH 09-cv-01984, please find enclosed for your records the Interested Person Response of Plaintiff Candis Corey for Inclusion in MDL Docket No. 2100 Moving for Centralization and for Consideration of the Northern District of Ohio Western Division as Transferee District and Memorandum of Law in Support of Interested Person Response of Candis Corey for Inclusion in MDL Docket No. 2100.

This Response was express mailed to the Clerk of the Judicial Panel of Multidistrict Litigation for filing on August 26, 2009. If you require additional copies, please let us know.

Very truly yours,

Dawn Behrmann
Senior Paralegal

DB:db
Enclosures
831775.1

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

ATTORNEYS AT LAW

250 HUDSON STREET, 8TH FLOOR
NEW YORK, NEW YORK 10013-1413
TELEPHONE: (212) 355-9500
FACSIMILE: (212) 355-9592
mail@lchb.com
www.lchb.com

SAN FRANCISCO
NASHVILLE

August 26, 2009

**FIRST CLASS MAIL**

Richard W. Wieking
Clerk of Court
United States District Court
Northern District of California
1301 Clay Street, Suite 400 S.
Oakland, CA 94612-5212

Re:    April Freeman-Hollenshead and Michael C. Hollenshead v. Bayer Corp., et al.,
       No. 09-cv-3152
       Stephanie D. Ivey v. Bayer Corp., et al., No. 09-cv-0904
       Tamera Jirbi v. Bayer Corp., et al., No. 09-cv-488829
       Bridget Renee Tanner and Russell Tanner v. Bayer Corp., et al., No. 09-cv-
       1558
       Dawn Voss v. Bayer Corp., et al., No. 09-0cv-1905
       Bieanca White v. Bayer Corp., et al. No. 09-cv-02417

Dear Mr. Wieking:

        On behalf of Wendy R. Fleishman, counsel for Plaintiff in the related action *Candis
Corey v. Bayer Corporation, et al.,* U.S.D.C. ND OH 09-cv-01984, please find enclosed for your records
the Interested Person Response of Plaintiff Candis Corey for Inclusion in MDL Docket No. 2100 Moving
for Centralization and for Consideration of the Northern District of Ohio Western Division as Transferee
District and Memorandum of Law in Support of Interested Person Response of Candis Corey for
Inclusion in MDL Docket No. 2100.

        This Response was express mailed to the Clerk of the Judicial Panel of Multidistrict
Litigation for filing on August 26, 2009.  If you require additional copies, please let us know.

                                       Very truly yours,

                                       Dawn Behrmann
                                       Senior Paralegal

DB:db
Enclosures
831665.1

**BEFORE THE JUDICIAL PANEL ON**

**MULTIDISTRICT LITIGATION**

| | |
|---|---|
| In re: | |
| YASMIN/ YAZ PRODUCTS LIABILITY LITIGATION | MDL Docket No. 2100 |

**MEMORANDUM OF LAW IN SUPPORT OF INTERESTED PERSON RESPONSE OF PLAINTIFF CANDIS COREY FOR INCLUSION IN MDL DOCKET NO. 2100 FOR CENTRALIZATION AND FOR CONSIDERATION OF THE NORTHERN DISTRICT OF OHIO AS TRANSFEREE DISTRICT**

Wendy R. Fleishman
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: (212) 355-9500
Facsimile: (212) 355-9592

[Additional Counsel on the Signature Page]

*Attorneys for Plaintiff Candis Corey*

Pursuant to Rule 7.2 of the Rules of Procedure for the Judicial Panel on Multidistrict Litigation, Candis Corey ("Movant"), Plaintiff in <u>Corey v. Bayer Corp., *et al.*</u>, case no. 3:09-cv-01984, submits this memorandum of law supporting her request that the Judicial Panel on Multidistrict Litigation ("the Panel") include the Northern District of Ohio, Western Division, in those fora under consideration for transfer and centralization in this matter.

## I.    **BACKGROUND**

In July 2003, the Food and Drug Administration (the "FDA") issued a warning letter to Defendant Laboratories relating to Yasmin (drospirenone/ethinyl estradiol) Tablets developed and manufactured by Berlex Laboratories, which has since been acquired by Defendant Bayer Healthcare Pharmaceutical, Inc.  A copy of that Warning Letter is attached hereto as Exhibit "A".

Defendant Bayer Healthcare Pharmaceuticals, Inc. was formerly known as Berlex, Inc., which was also formerly known as Berlex Laboratories, Inc., and is the same corporate entity as Berlex, Inc.  Defendants Berlex Laboratories, Inc. and Berlex, Inc. were integrated into Bayer Healthcare AG and operate as an integrated specialty pharmaceuticals business under the new name, Bayer Healthcare Pharmaceuticals, Inc.  As of January 1, 2008, Defendant Bayer Pharmaceuticals Corporation was merged into Defendant Bayer Healthcare Pharmaceuticals, Inc.

Defendant Bayer Schering Pharma AG is the current owner of the patent relating to the oral contraceptive, Yaz.

Defendant Bayer Schering Pharma AG is the current owner of the patent relating to the oral contraceptive Yasmin.  Defendant Bayer Schering Pharma AG is a German chemical and pharmaceutical company that is headquartered in Leverkusen, North Rhine-Westphalia, Germany.  Defendant Bayer AG is the third largest pharmaceutical company in the world.

Defendant Bayer AG is the parent holding company of all other named defendants. (hereinafter collectively referred to as "Bayer").

Yasmin received FDA approval first in 2001. It is a combination of drospirenone, a progestin, and ethinyl estradiol, an estrogen. Yaz received approval from the FDA in 2006 and is essentially the same as Yasmin, with the only difference being a slightly smaller amount of ethinyl estradiol. Yaz and Yasmin are indicated for the prevention of pregnancy in women who elect to use an oral contraceptive. Combination birth control pills are referred to as combined hormonal oral contraceptives. The difference between Yasmin and Yaz and other birth control pills on the market is that drospirenone has never before been marketed in the United States and is unlike other progestins available in the United States.

According to IMS Health Data, in 2008, Yaz sales accounted for $616 million dollars. In 2007, Yaz sales accounted for $262 million. See http:/www.mmm-online.com/Bayer-runs-corrective-Yaz ad-agrees-to-preclearance/article/127205.

In April 2002, the British Medical Journal reported that the Dutch College of General Practitioners recommended that older second generation birth control pills be prescribed in lieu of Yasmin as a result of 40 cases of venous thrombosis among women taking Yaz/Yasmin. In February 2003, a paper entitled Thromboembolism, associated with the new contraceptive Yaz/Yasmin, was published in the British Medical Journal detailing a Netherlands Pharmacovigilance Centre report of additional reports of thromboembolism where Yaz/Yasmin was suspected as the cause, including two deaths.

Defendants have twice been warned by the FDA, in 2003 and 2008, for misleading the public through the use of television advertisements which overstate the efficacy of the drugs and minimize the serious risks associated with the drugs.

The use of Yaz/Yasmin has a prothrombotic effect resulting in the development of thromboses, such as pulmonary emboli and deep vein thrombosis. The Bayer Defendants failed to recognize the correlation between the use of these products and increased thrombosis formation despite the wealth of scientific information available. The Bayer Defendants knew or should have known about the correlation between Yaz/Yasmin use and a prothrombotic effect and still promoted, sold, advertised, and marketed the use of their products without sufficient warnings. Yaz/Yasmin's use of drospirenone, a diuretic, creates unique risks for compared to other oral contraceptives. These risks include heart arrhythmias, myocardial infarction, and other adverse cardiovascular events, including sudden death. The diuretic is also known to cause problems with the gallbladder; the problems sometimes require surgical intervention. The diuretic also causes kidney stone formation.

The Bayer Defendants did not provide adequate warnings to doctors, the health care community and the public about the risk of serious adverse events that are described in this complaint. As a result of the manufacturing, marketing, advertising, promotion, distribution, and sale of Yaz/Yasmin without adequate warnings about the risks of serious injuries, Plaintiff Candis Corey has sustained severe and permanent personal injuries.

In light of these injuries and damages, Movant filed an action in the Northern District of Ohio, Western Division, on August 24, 2009, against the Bayer Defendants. Plaintiff has alleged, *inter alia*, that the Bayer Defendants designed, manufactured, marketed, distributed and sold Yaz and Yasmin Tablets that are defective, and that the Bayer Defendants concealed knowledge of the defect for some period. Further, Movant alleged that as a direct and proximate result of the defective products being placed in the stream of commerce by the Bayer

MEMORANDUM OF LAW IN SUPPORT OF INTERESTED PERSON RESPONSE OF PLAINTIFF CANDIS
COREY FOR INCLUSION IN MDL DOCKET NO. 2100 FOR CENTRALIZATION AND FOR
CONSIDERATION OF THE NORTHERN DISTRICT OF OHIO AS TRANSFEREE DISTRICT

- 3 -

Defendants, Movant suffered a risk of possible death, and did suffer severe injury and disability, including physical and mental pain and suffering, as well as economic loss.

Plaintiff is presently aware of more than fifty (50) other related actions that have been filed in various district courts throughout the United States. These actions all name the Bayer Defendants as defendants and assert substantially similar claims and seek almost identical relief. These actions are set forth in the schedule of actions, attached to the Fries Joinder Motion.

Centralization of these actions is appropriate because they involve common factual questions, common questions of law, and will require common discovery. Transfer for centralization will further the efficient and expeditious resolution of this matter and will promote the just and efficient conduct of these actions.

## II.    ARGUMENT

### A.    Centralization Of Yasmin/Yaz Cases For Coordinated Pretrial Proceedings Will Further The Goals of § 1407.

For all the reasons set forth in part II.A of the Motion of Candace Fries, et al. for Transfer and Consolidation of All Related Actions Pursuant to 28 U.S.C. § 1407, centralization of pretrial proceedings will further the goals of § 1407. To avoid duplicative and unnecessary briefing, Movant will not restate those reasons here.

### B.    The Action Should Be Transferred To The Northern District of Ohio And In Particular To The Honorable James G. Carr.

The key factors that this Panel considers in making the determination of an appropriate forum are:

1.    The location of parties, witnesses and documents;

2.    The accessibility of the proposed transferee district to parties and witnesses; and

3.    The respective case lists of proposed transferee district courts.

MEMORANDUM OF LAW IN SUPPORT OF INTERESTED PERSON RESPONSE OF PLAINTIFF CANDIS COREY FOR INCLUSION IN MDL DOCKET NO. 2100 FOR CENTRALIZATION AND FOR CONSIDERATION OF THE NORTHERN DISTRICT OF OHIO AS TRANSFEREE DISTRICT

- 4 -

See In re Corn Derivatives Antitrust Litigation, 486 F. Supp. 929, 931-32 (J.P.M.L. 1980).

Centralization of these actions in the Northern District of Ohio for centralized pretrial

proceedings will best serve the convenience of the parties, the witnesses and the interests of

justice. There are currently 15 related cases pending in the Northern District of Ohio, including

Brinker v. Bayer Corp., et al., Case No. 3:09-cv-01682, filed on July 21, 2009, which has been

assigned to the Honorable James G. Carr.

C.    **Convenience Of The Parties And Witnesses Favors The Northern District Of Ohio.**

Defendant Bayer Healthcare Pharmaceutical, Inc., Berlex Laboratories and

Berlex, Inc. are headquartered in central New Jersey. Ohio is equally accessible for all parties,

their counsel, and the witnesses. Therefore, the Northern District of Ohio at Western Division is

a convenient location. Accordingly, the convenience of the parties and witnesses favors transfer

to the Northern District of Ohio.

D.    **The Northern District Of Ohio Has Previously Been Selected As The Transferee Forum And Judge For Other Complex Product Liability Cases.**

Demonstrating its confidence in the Northern District of Ohio's capabilities, the

Panel has already selected this district as the transferee forum for other complex product liability

cases. This Panel has often looked at jurists' experience and docket considerations to determine

the transferee district. See, e.g., In re Celexa and Lexapro Products Liability Litigation,

MDL-1736 (J.P.M.L. February 16, 2006) (transferring cases where parties were geographically

dispersed to the Eastern District of Missouri to "jurists experienced in complex multidistrict

litigation sitting in centrally located districts with the capacity to handle the matter"); In re

Teflon Products Liability Litigation, MDL-1733 (J.P.M.L. February 21, 2006) (transferring cases

where parties were geographically dispersed to Southern District of Iowa to a court that "enjoys

general docket conditions permitting the Panel to effect the Section 1407 assignment to a court

MEMORANDUM OF LAW IN SUPPORT OF INTERESTED PERSON RESPONSE OF PLAINTIFF CANDIS COREY FOR INCLUSION IN MDL DOCKET NO. 2100 FOR CENTRALIZATION AND FOR CONSIDERATION OF THE NORTHERN DISTRICT OF OHIO AS TRANSFEREE DISTRICT

- 5 -

with the present resources to devote to the pretrial matters that this docket is likely to require");
In re Viagra Products Liability Litigation, MDL-1724 (J.P.M.L. February 21, 2006) (transferring
cases where parties were geographically dispersed to the District of Minnesota to a "jurist
experienced in complex multidistrict litigation and sitting in a district with the capacity to handle
this litigation"); In re Bextra and Celebrex Marketing, Sales Practices and Price Liability
Litigation, MDL-1699 (J.P.M.L. September 6, 2005) (transferring cases where parties were
geographically dispersed to the Northern District of California to a jurist who had "experience in
complex multidistrict litigation sitting in a district with the capacity to handle this litigation").  It
is clear that the parties involved in this litigation are dispersed nationwide as they were in each of
these complex products liability matters.  The product at issue in this case was sold and
distributed nationwide and, indeed, worldwide.

   The Panel has previously recognized the ability of the Honorable James G. Carr to
manage a complex pharmaceutical case and the suitability of the Northern District of Ohio to
serve as the § 1407 transferee forum.  See, e.g., In re Contaminated Heparin products Liability
Litigation (J.P.M.L. 1953) (transferring case to Judge Carr recognizing that the Northern District
of Ohio is well equipped with the resources that this docket is likely to require).

   Centralization in the Northern District of Ohio permits the Panel to effect the
§ 1407 assignment to a court that (1) is not currently overtaxed with other multidistrict dockets,
(2) possesses the necessary resources to be able to devote the substantial time and effort to
pretrial matters that this complex docket is likely to require, and (3) to a transferee judge who
can steer this litigation on a steady and expeditious course.  The Northern District of Ohio meets
all of these criteria and is an appropriate transferee forum.

MEMORANDUM OF LAW IN SUPPORT OF INTERESTED PERSON RESPONSE OF PLAINTIFF CANDIS
COREY FOR  INCLUSION IN MDL DOCKET NO. 2100 FOR CENTRALIZATION AND FOR
CONSIDERATION OF THE NORTHERN DISTRICT OF OHIO AS TRANSFEREE DISTRICT

- 6 -

## III.    CONCLUSION

Centralization of these actions and any other subsequently filed related cases for pretrial proceedings will serve the best interests of justice by providing a single forum in which the legal rights of each of the litigants can be adjudicated fairly and efficiently.  For the foregoing reasons, Movant respectfully requests that the Panel consider transfer of the MDL No. 2100 action to the Northern District of Ohio, Western Division, and the Honorable James G. Carr.

Dated:  August 26, 2009

Respectfully submitted,

By: _Wendy Hel_

Wendy R. Fleishman

Wendy R. Fleishman
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone:  (212) 355-9500
Facsimile:  (212) 355-9592

Elizabeth J. Cabraser
Kent L. Klaudt
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008

Counsel for Plaintiff Candis Corey

 **DEPARTMENT OF HEALTH & HUMAN SERVICES**     Public Health Service

Food and Drug Administration
Rockville, MD 20857

**TRANSMITTED BY FACSIMILE**

Nancy Konnerth
Associate Director, Advertising and Labeling
Drug Regulatory Affairs
Berlex Laboratories
340 Changebridge Road
P.O. Box 1000
Montville, NJ 07045-1000

RE:     **NDA 21-098**
        Yasmin (drospirenone/ethinyl estradiol) Tablets
        MACMIS ID# 11730

Dear Ms. Konnerth:

This letter notifies Berlex Laboratories (Berlex) that the Division of Drug Marketing, Advertising, and Communications (DDMAC) has identified a direct-to-consumer (DTC) broadcast advertisement (TV ad) for Yasmin (drospirenone/ethinyl estradiol) Tablets that is misleading and in violation of the Federal Food, Drug, and Cosmetic Act (Act) and applicable implementing regulations. Specifically, the 60-second TV ad entitled "Goodbye Kiss" is misleading because it makes implied clinical superiority claims to other combination oral contraceptives and minimizes the important risk information that distinguishes Yasmin from other combination oral contraceptives. As a result, the TV ad raises significant public health and safety concerns.

**Background**

Yasmin is a combination oral contraceptive ("COC" or "birth control pill") prescription drug product. Yasmin, like any oral contraceptive, is associated with increased risks of several serious conditions (including myocardial infarction, thromboembolism, stroke, hepatic neoplasia, gallbladder disease, and hypertension), although the risk of serious morbidity or mortality is very small in healthy women without underlying risk factors. The risk of morbidity and mortality increases significantly in the presence of other underlying risk factors such as hypertension, hyperlipidemias, obesity, and diabetes. (See the WARNINGS section of the Yasmin approved physician labeling (PI))

Yasmin contains the estrogen ethinyl estradiol and the progestin drospirenone. Drospirenone has antimineralocorticoid properties, which means that it can work against the body's normal mechanism for regulating salt and water balance, a situation that can lead to hyperkalemia in high risk patients, resulting in potentially serious heart and health problems. This additional risk is described in the Bolded Warning of Yasmin's PI:

Nancy Konnerth.                                                                                          2
Berlex Laboratories
NDA 21-098

> Yasmin contains 3 mg of the progestin drospirenone that has
> antimineralocorticoid activity, including the potential for hyperkalemia in high-
> risk patients, comparable to a 25 mg dose of spironolactone [a potassium-sparing
> diuretic]. Yasmin should not be used in patients with conditions that predispose
> to hyperkalemia (i.e., renal insufficiency, hepatic dysfunction and adrenal
> insufficiency). Women receiving daily, long-term treatment for chronic
> conditions or diseases with medications that may increase serum potassium,
> should have their serum potassium level checked during the first treatment cycle.
> Drugs that may increase serum potassium include ACE inhibitors, angiotensin --
> II receptor antagonists, potassium-sparing diuretics, heparin, aldosterone
> antagonists, and NSAIDs.

Consequently, Yasmin can exacerbate serious heart and health problems, in addition to the potential
problems common to all COCs. Women taking Yasmin must be concerned about drug interactions
that will increase potassium, in addition to the drug interactions common to all COCs. Therefore,
these women and their healthcare providers must weigh Yasmin's additional health risks when
considering Yasmin over COCs without drospirenone.

**Misleading Efficacy and Safety Presentations**

Prescription drug ads are false or misleading if they contain a drug comparison that represents or
suggests that a prescription drug is more effective or safer than another drug when it has not been
demonstrated to be safer or more effective by substantial evidence or substantial clinical experience
(21 CFR 202.1(e)(6)(ii)). The TV ad misleadingly overstates the efficacy and safety of Yasmin by
suggesting that Yasmin is unique and therefore clinically superior to other birth control pills because
it contains the chemically different progestin drospirenone. The unifying theme of the ad, typified by
the tagline "Ask about Yasmin, and **the difference a little chemistry can make**" (emphasis added)
suggests that Yasmin is better than other birth control pills because of drospirenone and the way in
which it is metabolized in the body. This "chemistry" difference is presented as a product benefit.
FDA is not aware of substantial evidence or substantial clinical experience demonstrating that
Yasmin is superior to other COCs or that the drospirenone in Yasmin is clinically beneficial. On the
contrary, FDA is aware of the added clinical risks associated with drospirenone as communicated in
the Warnings/Bolded Warning, and Precautions/Drug Interactions sections of the PI.

Specifically, the following claims in the TV ad address Yasmin's efficacy: "You don't settle when it
comes to the guy...so why settle when it comes to the pill? **The Yasmin birth control pill uses a
different kind of hormone. One that may work with your body chemistry**. Yasmin is over 99%
effective at preventing pregnancy. So when you're looking for the right pill, ask your doctor about
the difference a little chemistry can make." (emphasis added) These claims are misleading because
they suggest that Yasmin's "different kind of hormone" offers unique "chemistry" benefits and that
this difference contributes to the high rate of drug efficacy. Moreover, these claims are misleading
because they imply superiority to other COCs (and thus do not offer the same product benefits as
Yasmin Tablets) when such has not been demonstrated by substantial evidence or substantial clinical
experience. Finally, these claims are misleading because they misrepresent Yasmin's mechanism of
action by stating that Yasmin "uses a different kind of hormone. One that may work with your body

Nancy Konnerth.                                                                                        3
Berlex Laboratories
NDA 21-098

chemistry." However, COCs, including Yasmin, prevent ovulation by working <u>against</u> the usual body
chemistry of a woman of childbearing potential by suppressing endogenous gonadotropins and,
thereby, inhibiting ovulation and altering other changes associated with the menstrual cycle.

In addition, the statement "Yasmin contains a different progestin, which may increase potassium" is
misleading because the "may increase potassium" disclosure fails to communicate that the potential to
increase potassium is a risk. Furthermore, consumers may interpret the statement as a product benefit
claim rather than a risk disclosure due to the overall positive message that Yasmin's "chemistry" is a
product benefit. The ad conveys this positive message to consumers, notwithstanding the disclosure
that "You should not take Yasmin if you have kidney, liver, or adrenal disease," because the
"different kind of hormone" and "chemistry'" messages are never clearly identified as potentially
leading to increased potassium levels or that increased serum potassium can be dangerous. This
important risk information is in a Bolded Warning in the PI and clearly conveyed in the Yasmin Brief
Summary Patient Package Insert and in the Detailed Patient Package Insert:

> Yasmin is different from other birth-control pills because it contains the progestin
> drospirenone. Drospirenone may increase potassium. Therefore, you should not
> take Yasmin if you have kidney, liver, or adrenal disease because this could cause
> serious heart and health problems. Other drugs may also increase potassium. If
> you are currently on daily, long-term treatment for a chronic condition with any of
> the medications below, you should consult your healthcare provider about
> whether Yasmin is right for you, and during the first month that you take Yasmin,
> you should have a blood test to check your potassium level.

Thus, by failing to add the necessary context to clarify that increased blood potassium is a safety risk
rather than a clinical benefit, the ad misleadingly represents or suggests that Yasmin is safer than has
been demonstrated by substantial evidence or substantial clinical experience.

In summary, the TV ad not only misleads consumers about the efficacy of Yasmin, the ad also
minimizes important context about the health risks of the drug.

**Conclusions and Requested Actions**

Berlex should immediately discontinue the TV ad and all other promotional materials and activities
for Yasmin that contain the same or similar violative presentations. Berlex should submit a written
response to DDMAC on or before July 24, 2003, describing its intent and plans to comply with the
above. In its letter to DDMAC, Berlex should include the date on which these and other similarly
violative materials were discontinued.

Berlex should direct its response to the undersigned by facsimile at (301) 594-6771, or at the Food
and Drug Administration, Division of Drug Marketing, Advertising, and Communications HFD-42,
Rm. 8B-45, 5600 Fishers Lane, Rockville, Maryland 20857.

Nancy Konnerth.                                                                4
Berlex Laboratories
NDA 21-098

In all future correspondence on this matter, please refer to MACMIS ID# 11730 as well as the NDA
number.  DDMAC reminds Berlex that only written communications are considered official.

Sincerely,

*{See appended electronic signature page}*

Joan Hankin
Consumer Promotion Analyst
Division of Drug Marketing,
    Advertising, and Communications

---
**This is a representation of an electronic record that was signed electronically and
this page is the manifestation of the electronic signature.**

---

 /s/
---------------------
Joan Hankin
7/10/03 03:40:53 PM


**YASMIN** "Goodbye Kiss" :60 5/14/03
pg. 1 of 4

5/16/03

*Directors Note: This commercial is all about showing the chemistry between two people. We use the wrong guy to demonstrate how special it is when you find the right guy. When we reveal the Yasmin girl finally finding the right guy, the goal is to play up the drama of the chemistry between them.*



**MALE 1:**

I felt a real connection tonight.









YASMIN® "Goodbye Kiss" :60 5/14/03
pg. 2 of 4



**ANNCR 1:**

You don't settle when it comes to the guy...



**MALE 2:**

You rock, babe!



**ANNCR 1:**

..so why settle when it comes to the pill?



The Yasmin birth control pill uses
a different kind of hormone.
One that may work with your body chemistry.





YASMIN "Goodbye Kiss" :60  5/14/03
pg. 3 of 4



Yasmin is over 99% effective at preventing pregnancy,



So when you're looking for the right pill,



Ask your doctor about the difference a little chemistry can make.



ANNCR 2:

Yasmin contains a different progestin, which may increase potassium.
You should not take Yasmin if you have kidney, liver or adrenal disease.



**YASMIN®** "Goodbye Kiss" :60  5/14/03
pg. 4 of 4





Tell your doctor if you are on daily, long-term treatment with NSAIDs



like Ibuprofen or Naproxen for a chronic condition like arthritis, or taking cardiovascular medications, or Heparin. Birth control pills do not protect against HIV or sexually transmitted diseases.



Women especially over 35 should not smoke. Serious risks, occurring infrequently, include blood clots, stroke and heart attack.



ANNCR 1:

Ask about Yasmin, and the difference a little chemistry can make.

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

TO:    Judicial Panel on Multidistrict Litigation
       Thurgood Marshall Federal Judiciary Building
       One Columbus Circle, N.E.
       Room G-255
       Washington, D.C.  20002
       Panel Fax No.:  (202) 502-2888

       MDL No. 2100 — In re Yasmin/Yaz Products Liability Litigation

## CERTIFICATE OF SERVICE

Service of the foregoing Interested Person Response Of Plaintiff Candis Corey
For Inclusion In MDL Docket No. 2100 for Centralization and for Consideration of the
Northern District of Ohio as Transferee District and Memorandum of Law in Support of
Interested Person Response of Plaintiff Candis Corey For Inclusion in MDL Docket No.
2100 was served upon all individuals in the attached Panel Service List and Supplemental
Proof of Service List by mailing a true and correct copy thereof by United States mail,
postage prepaid, this 26th day of August, 2009.


_____
Wendy R. Fleishman
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone:  (212) 355-9500
Facsimile:  (212) 355-9592

**3397-0001: YAZ PRODUCT LIABILITY LITIGATION-General Matters -**          **All Counsel**
**MDL 2100**

ADAM L. HOEFLICH
adam.hoeflich@bartlit-beck.com
BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
COURTHOUSE PLACE
54 WEST HUBBARD STREET
SUITE 300
CHICAGO, IL 60654
PHONE: (312) 494-4400
FAX: (312) 494-4440
Counsel for DEFENDANT BAYER AG; BAYER CORP.; BAYER
HEALTHCARE AG; BAYER HEALTHCARE PHARMACEUTICALS, INC.;
BAYER HEALTHCARE, LLC; BAYER PHARMACEUTICALS CORP.;
BAYER SCHERING PHARMA AG; BERLEX LABORATORIES, INC.;
BERLEX, INC.


SERVICE RECIPIENT
BERLEX LABORATORIES INT'L
C/O CSC-LAWYERS INCORPORATING SERVICE COMPANY
50 WEST BROAD STREET
SUITE 1800
COLUMBUS, OH 43215
Counsel for DEFENDANT BERLEX LABORATORIES INTERNATIONAL,
INC.


JANET G. ABARAY
jabaray@burgsimpson.com
BURG SIMPSON ELDREDGE HERSCH & JARDINE PC
312 WALNUT STREET
SUITE 2090
CINCINNATI, OH 45202
PHONE: (513) 852-5600
FAX: (513) 852-5611
Counsel for PLAINTIFF BECKER, MARIE; EAKINS, ANNE MARIE;
EAKINS, JONATHAN; KEULTJES, MARIE CLAIRE; KOZAK, KEITH;
KOZAK, VALERIE; MEADOWS, MARLENE; MURPHY, LAUREN L.;
DOWNS, JENIA; BLUIETTE, ANAYA


JOSEPH H. FOWLER
jfowler@hrflegal.com
HARTLEY ROWE & FOWLER
P.O. BOX 489
6622 EAST BROAD STREET
DOUGLASVILLE, GA 30133-0489
PHONE: (770) 920-2000
FAX: (770) 920-9119
Counsel for PLAINTIFF PARIVECHIO, III, JAMES; PARIVECHIO,
RHONDA C.


ARNOLD LEVIN
alevin@lfsblaw.com
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 WALNUT STREET
SUITE 500
PHILADELPHIA, PA 19106
PHONE: (215) 592-1500
FAX: (215) 592-4663
Counsel for PLAINTIFF ADAMS, ROBIN; ADAMS, THOMAS E.


GENE JOSEPH STONEBARGER
gstonebarger@lindstonelaw.com
LINDSAY & STONEBARGER
620 COOLIDGE DRIVE, SUITE 225
FOLSOM, CA 95630
PHONE: (916) 294-0002
FAX: (916) 294-0012
Counsel for PLAINTIFF BROWNFIELD, NICHOLE; CHAMBERS, KIERA

LOWELL W. FINSON
lowellf@phillipslaw.ws
PHILLIPS & ASSOCIATES
QWEST BUILDING, 26TH FLOOR
20 EAST THOMAS ROAD, SUITE 2600
PHOENIX, AZ 85012
PHONE: (602) 258-8900
FAX: (602) 288-1632
Counsel for PLAINTIFF IVEY, STEPHANIE D.; JIRBI, TAMERA; TANNER,
BRIDGET RENEE; TANNER, RUSSELL; VOSS, DAWN; WHITE,
BIEANCA; FREEMAN-HOLLENSHEAD, APRIL


RALPH VALLONE JR.
rv@rvallonelawoffice.com
RALPH VALLONE JR. LAW OFFICE
SON SID COND., SUITE 1
1319 ASHFORD AVENUE
SANTURCE, PR 00907
PHONE: (787) 723-9393
FAX: (787) 723-9251
Counsel for PLAINTIFF PUJALS-TORREGROSA, MARIA ISABEL


DANIEL N. GALLUCCI
dgallucci@rodanast.com
RODANAST PC
801 ESTELLE DRIVE
LANCASTER, PA 17601
PHONE: (717) 892-3000
FAX: (717) 892-1200
Counsel for PLAINTIFF BRAZZEL, CARLA LEIGH; BRITTEN, ALYSSA S.;
CHRISTIAN, MARK D.; CLEVELAND, LaKOLLIER R.; GALVAN, JAVIER;
GALVAN, SILVIA F.; GAUTHREAUX, ADINE; GAUTHREAUX, KERMICK;
HAYAT, ADAM; HAYAT, DANIELLE C.; LANE-CHRISTIAN, DEBORAH
KAY


SERVICE RECIPIIENT
SCHERING AG
MULLERSTR. 178
13353 BERLIN, GERMANY
GERMANY
Counsel for DEFENDANT SCHERING AG


KRISTINE K. KRAFT
kkraft@uselaws.com
SCHLICHTER BOGARD & DENTON
100 SOUTH FIRST STREET, SUITE 900
SAINT LOUIS, MO 63102
PHONE: (314) 621-6115
FAX: (314) 621-7151
Counsel for PLAINTIFF FENDER (SPECIAL ADM./SURVIVING
PARENT/EST.-MELISSA A.), JILL; HICKS, TAMRA; HILL, BRENDA;
SPENCER, MARK; SPENCER, SHERRY


DAVID ANTHONY GABIANELLI
dgabianelli@ssd.com
SQUIRE SANDERS & DEMPSEY LLP
ONE MARITIME PLAZA, SUITE 300
SAN FRANCISCO, CA 94111-3294
PHONE: (415) 393-9843
FAX: (415) 393-9887
Counsel for DEFENDANT McKESSON CORP.

**3397-0001: YAZ PRODUCT LIABILITY LITIGATION-General Matters -**          **All Counsel**
**MDL 2100**

CHRISTOPHER L. SCHNIEDERS
*cschnieders@wcllp.com*
WAGSTAFF & CARTMELL LLP
4740 GRAND AVENUE
SUITE 300
KANSAS CITY, MO 64112
PHONE: (816) 701-1100
FAX: (816) 531-2372
Counsel for PLAINTIFF CASALI, DEBRA; DOLBEARE, CHRISTINA;
CARPENTER, AMANDA


DAVID W. ZOLL
*david@toledolaw.com*
ZOLL KRANZ & BORGESS
6620 W. CENTRAL AVENUE
SUITE 200
TOLEDO, OH 43617
PHONE: (419) 841-9623
FAX: (419) 841-9719
Counsel for PLAINTIFF BECK, ANGELA; BECK, MARTIN; BRADISH,
GRAY; BRADISH, PATTI; BRINKER, GAIL; BRINKER, KENNETH;
CATHIS, LAUREN; ELLYSON, BRENDA; FRIES (IND./ADM./EST.
-STEPHANIE R. HOOVER), CANDACE L.; JOHNS, KATHY; JOHNS,
WILLIAM; MARIN, SARETTA; MANIACI, CHRISTINA; RILEY, HEATHER;
SHAFTER, BRIDGET; SHAFER, PAUL

## SUPPLEMENTAL SERVICE LIST

Jeffrey N. Miller, Esq.
FRIEDMAN, HIRSCHEN & MILLER, LLP
100 Great Oaks Blvd., Suite 124
Albany, NY 12203

*Attorneys for Plaintiffs Ruth and John Perry*

Matthew J. McCauley
PARKER, WAICHMAN, ALONSO, LLP
111 Great Neck Road, 1st Floor
Great Neck, NY 11021-5402

*Attorneys for Plaintiff Laquita O'Nekia Harel*

Mark B. Hutton
HUTTON & HUTTON LAW FIRM, LLC
8100 East 22nd St., North, Building 1200
Wichita, KS 61226

*Attorneys for Plaintiff Stacey L. Perry*